**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL LINARES-ZEPEDA, | No. 16-72200 |
| Petitioner, | Agency No. A200-822-651 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS, and McKEOWN, Circuit Judges.

Raul Linares-Zepeda, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Linares-Zepeda did not suffer past persecution. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000). The BIA did not err in finding that Linares-Zepeda's proposed social group of "Salvadoran males returning to El Salvador who have been threatened by gang[s] who lack police protection" is not a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Linares-Zepeda asserts that he will be persecuted on account of additional protected grounds, his claims were not presented to the BIA and we lack

2

jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Moreover, substantial evidence supports the BIA's conclusion that Linares-Zepeda otherwise failed to establish that he would be persecuted because of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Linares-Zepeda's withholding of removal claim fails.

Although Linares-Zepeda claims the agency erred in denying his CAT claim, he failed to advance this contention before the BIA. Accordingly, we lack jurisdiction to review Linares- Zepeda's contentions regarding his CAT claim. *See Barron*, 358 F.3d at 677–78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**